FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 29 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

           Petitioner,

- against -

HIGH RISE BUILD & DESIGN INC., and
SOMATTIE SURUJNARINE,

           Respondents.

- - - - - - - - - - - - -X

**MISC 19-256**

Miscellaneous Action No. 19-MISC-\_\_\_\_

**BRODIE, J.**

## PETITION FOR ENFORCEMENT OF A
## TOXIC SUBSTANCES CONTROL ACT SUBPOENA

The UNITED STATES OF AMERICA ("United States"), by its attorneys, RICHARD P. DONOGHUE, United States Attorney for the Eastern District of New York, and EVAN P. LESTELLE, Assistant United States Attorney, petitions this Court for an order directing Respondents, HIGH RISE BUILD & DESIGN INC. and SOMATIE SURUJNARINE, to produce written responses and documents as set forth in an administrative subpoena *duces tecum* issued by the U.S. Environmental Protection Agency ("EPA") pursuant to the Toxic Substances Control Act. In support, the United States alleges as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this petition pursuant to Section 11(c) of the Toxic Substances Control Act of 1976, as amended ("TSCA"), 15 U.S.C. § 2610(c), and 28 U.S.C. §§ 1331 and 1345.

2. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Petitioner is the United States of America, acting on behalf of the Administrator of EPA, an agency of the United States of America.

4. Respondent High Rise Build & Design Inc. ("High Rise") is incorporated in New York and does business in New York. High Rise is licensed by the New York City Department of Consumer Affairs as a home improvement contractor. The New York Department of State, Division of Corporations, Entity Information database lists High Rise's address for service of process as 129-30 101st Avenue, South Richmond Hill, New York, 11419. At all relevant times, High Rise operated from an office located at 103-17 Rockaway Boulevard, Ozone Park, New York, 11417.

5. At all relevant times, Respondent Somattie Surujnarine owned and operated High Rise. Surujnarine holds or has held a general contractor's license issued by the New York City Department of Buildings ("DOB") under High Rise's name. Since January 2015, DOB has issued nearly 700 contractor work permits to High Rise and Surujnarine.

## STATUTORY BACKGROUND

6. Congress has charged EPA with the responsibility of enforcing the provisions of TSCA, 15 U.S.C. §§ 2601 *et seq.*.

7. EPA is authorized to issue administrative subpoenas for the purposes of enforcing the provisions of TSCA, pursuant to Section 11(c) of TSCA, as amended, 15 U.S.C. § 2610(c), which provides in relevant part that: "In carrying out this chapter, the Administrator may by subpoena require the attendance and testimony of witnesses and the production of reports, papers, documents, answers to questions, and other information that the Administrator deems necessary."

8. Section 11(c) of TSCA further provides that "[i]n the event of contumacy, failure, or refusal of any person to obey any such subpoena, any district court of the United States in which venue is proper shall have jurisdiction to order any such person to comply with such subpoena. Any failure to obey such an order of the court is punishable by the court as a contempt thereof." 15 U.S.C. § 2610(c).

9. Among the TSCA provisions that EPA is charged with carrying out are the civil and criminal enforcement provisions of 15 U.S.C. §§ 2614 & 2615. As they relate to this proceeding, those provisions make it unlawful for anyone to violate 15 U.S.C. § 2689, "Subchapter IV - Lead Exposure Reduction."

10. The Residential Property Renovation Rule ("RRP Rule"), codified at 40 C.F.R. Part 745, Subpart E, was promulgated pursuant to Section 402 of TSCA, 15 U.S.C § 2682. Failure to comply with the RRP Rule is a prohibited act of Section 409 of TSCA, 15 U.S.C. § 2689.

11. The RRP Rule aims to protect the public from lead-based paint hazards associated with renovation, repair, and painting activities conducted in child-occupied facilities, or residential housing constructed prior to 1978. Such activities can create hazardous lead dust when surfaces with lead paint are disturbed.

12. The Rule requires, among other things, that workers are certified and trained in the use of safe work practices involving lead, which must be followed and documented during a renovation. The Rule also requires renovation, repair, and painting firms to be EPA-certified. *See* 40 C.F.R. § 745.80 *et seq.*.

13. With regard to the retention and production of records, the RRP Rule requires, *inter alia*, that "[f]irms performing renovations must retain and, if requested, make available to EPA all

records necessary to demonstrate compliance with this subpart for a period of 3 years following completion of the renovation." 40 C.F.R. § 745.86(a); *see also* 40 C.F.R. § 745.86(b) (specifying the types of "records" that must be retained and made available to EPA pursuant to the rule).

## FACTUAL ALLEGATIONS

14. High Rise, owned and operated by Surujnarine, conducted renovations as a contractor on the following six residential buildings in Brooklyn: 60 Clarkson Avenue, Brooklyn, New York, 11226; 663 Georgia Avenue, Brooklyn, New York, 11207; 738 Georgia Avenue, Brooklyn, New York, 11207; 1180 Halsey Street, Brooklyn, New York, 11207; 271 Martense Street, Brooklyn, New York, 11226; and 1212 55th Street, Brooklyn, New York, 11219 (referred to hereafter as the "Subject Properties").

15. Each of the Subject Properties is subject to the RRP Rule either as a child-occupied facility and/or because it was constructed prior to 1978 and qualifies as "target housing" pursuant to 15 U.S.C. § 2681 (17). *See* 40 C.F.R. § 745.82.

16. On or about April 11, 2016, EPA received information from the New York City Department of Health and Mental Hygiene ("DOHMH") that renovations were being conducted at 60 Clarkson Avenue, Brooklyn, New York 11226 (referred to hereafter as "60 Clarkson Avenue") resulting in visible construction dust and debris with lead content in common areas. On September 22, 2015, DOB issued a contractor work permit for the building at this location to Somattie Surujnarine. The work permit listed High Rise as the general contractor of record.

17. Test results revealed that dust samples collected at the time of the renovations by DOHMH from the common areas of 60 Clarkson Avenue contained high levels of lead.

18. On May 18, 2016, EPA mailed an Information Request Letter to Surujnarine, at High Rise's South Richmond Hill address, seeking information regarding High Rise's renovation

activities at 60 Clarkson Avenue. Neither Surujnarine nor anyone else from High Rise ever produced any responsive information or otherwise responded to the Information Request Letter.

19. On August 3, 2016, EPA mailed Surujnarine, at High Rise's South Richmond Hill address, a Notice of Warning, informing Surujnarine that she was now in violation of her legal obligations to make available to EPA all records necessary to demonstrate compliance with the RRP Rule. The Notice of Warning was returned to EPA by the mail carrier as undeliverable.

20. On February 1, 2017, EPA inspectors attempted to visit and inspect High Rise's office in South Richmond Hill, New York, but found no sign of any business at that address. Later that same day, the EPA inspectors visited 103-17 Rockaway Boulevard, Ozone Park, New York, and found a business office associated with several businesses owned or operated by Surujnarine's family, including High Rise. The High Rise corporate name was posted on the front door of the Ozone Park office, with markings identifying the location as a mail drop for High Rise. The inspectors also observed certifications for High Rise and Surujnarine posted inside the office.

21. While inside the office, the EPA inspectors gave a secretary for High Rise, Tricia Sealey, copies of the Information Request Letter and Notice of Warning. Also while at High Rise's Ozone Park office, an EPA inspector spoke with Surujnarine on an office phone and requested that she provide all information the EPA was seeking by February 15, 2017. During the phone call, Surujnarine agreed that she would respond to EPA on High Rise's behalf.

22. On February 15, 2017, Ms. Sealey called one of the EPA inspectors requesting a deadline extension on behalf of Surujnarine and High Rise to produce the information requested by EPA. The EPA inspector responded, in an email, asking why such an extension was needed.

No representative of High Rise responded to the EPA inspector's email; nor, to date, have Respondents produced any documents or information in response to the Information Request Letter, despite the deadline for the response long ago elapsing.

23. On July 20, 2017, EPA issued Surujnarine and High Rise an administrative subpoena *duces tecum* pursuant to Section 11(c) of the TSCA ("the subpoena"). *See* Declaration of Gary Nurkin ("Nurkin Decl."), Exhibit A.

24. The subpoena directed Surujnarine and High Rise to produce reports, papers, documents, answers to questions, and other information in its possession, custody, or control relating to its renovation activities at the Subject Properties. *See* Nurkin Decl., Ex. A. The subpoena called for the production of documents and responses to specific questions within 21 days of receipt. *Id.* at p.2. The subpoena was issued for the purposes of enforcing TSCA, within the meaning of 15 U.S.C. § 2610(c), and was issued in accordance with law. *See id.*

25. On July 21, 2017, EPA mailed the subpoena to Respondents by United States mail, return receipt requested, but received no return receipt or any other response by Respondents to the mailing. On August 30, 2017, EPA sent another copy of the subpoena, by overnight UPS delivery, to Respondents. UPS records confirm that the subpoena was delivered on August 31, 2017, to High Rise's office at 103-17 Rockaway Blvd, Ozone Park, New York 11417, where it was received by an office manager.

26. To date, EPA has received no response to the subpoena from Respondents, despite multiple attempts by EPA to contact Respondents, and despite the fact that the production deadline included in the subpoena (of within 21 days of Respondents' receipt of the subpoena) has long ago elapsed.

6

27. EPA referred the enforcement of the subpoena to the Department of Justice. Through a telephone call and follow-up letter enclosing a copy of the subpoena, the undersigned attempted to reach Respondents and seek their compliance with the EPA subpoena by October 8, 2018. To date, the Department of Justice has received no response from Respondents.

28. The materials requested by the subpoena are both relevant and necessary to the successful completion of EPA's investigation. The subpoena seeks documents and answers to questions concerning renovation work performed by Respondents on the Subject Properties. *See* Nurkin Decl., Ex. A. These documents and answers to questions are expected to show whether Respondents are complying with the RRP Rule.

29. EPA has reason to suspect that Respondents may not be complying with the RRP Rule, even apart from failing to comply with the subpoena. For instance, Respondents do not appear to have ever been certified by EPA to perform renovations as required by the RRP Rule, despite performing extensive work at several pre-1978 constructed properties. To help EPA determine whether the certification requirements were complied with on the Subject Properties, the subpoena seeks documents and information identifying any contractors, subcontractors, and workers performing renovation activities on the Subject Properties and identifying whether Respondents and their contractors, subcontractors, or workers held appropriate certifications.

30. The subpoena also seeks documents and information concerning compliance with other regulations in the RRP Rule, as well as information related to the presence of lead-based paint in the Subject Properties. The documents and information called for by the subpoena are expected to show whether Respondents followed the regulations set forth in the RRP Rule in renovating each of the Subject Properties.

31. EPA's inspection of all of the records sought by the subpoena is necessary in order for EPA to conduct a timely and effective investigation into whether violations of applicable laws, regulations, and TSCA requirements have or continue to occur at High Rise work sites. EPA's interest in obtaining Respondents' compliance with the subpoena is especially important in light of DOHMH's testing results showing high levels of lead in dust samples collected from the common areas of one of Respondents' renovation projects, at 60 Clarkson Avenue.

## PRAYER FOR RELIEF

WHEREFORE, petitioner United States of America respectfully requests the following relief:

A. That this Court enter an order directing Respondents High Rise and Surujnarine to show cause why they should not be compelled to comply forthwith and obey the aforementioned subpoena and each and every requirement thereof;

B. That this Court enter an order directing Respondents High Rise and Surujnarine to obey the aforementioned subpoena and each and every requirement thereof by ordering the production, within fourteen days of the date of service of this petition on Respondents, of all documents and materials described in the subpoena at the time, date, and place as may be fixed by the undersigned counsel.

  C. That this Court grant the United States such other and further relief as it deems just, necessary, and proper.

Dated: Brooklyn, New York
    January 29, 2019

              RICHARD P. DONOGHUE
              United States Attorney
              Eastern District of New York
              271 Cadman Plaza East
              Brooklyn, New York 11201

      By: */s/ Evan P. Lestelle*
              Evan P. Lestelle
              Assistant U.S. Attorney
              Eastern District of New York
              Tel. (718) 254-7000
              evan.lestelle@usdoj.gov