**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 29 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - -X

UNITED STATES OF AMERICA,

           Petitioner,

  - against -

HIGH RISE BUILD & DESIGN INC., and
SOMATTIE SURUJNARINE,

           Respondents.

- - - - - - - - - - - -X

MISC 19-256

Miscellaneous Action No. 19-MISC-_____

BRODIE, J.

## DECLARATION OF GARY H. NURKIN

I, Gary H. Nurkin, Esq., have personal knowledge of the facts set forth below:

1. I am an attorney with the United States Environmental Protection Agency ("EPA"), assigned to the Waste and Toxics Substance Branch ("WTS") in EPA's Office of Regional Counsel, Region 2, in New York City. I have been licensed in New York as an attorney for at least 35 years. I am the EPA attorney assigned to handle EPA's investigation of High Rise Build & Design Inc. ("High Rise") and Somattie Surujnarine (together, "Respondents").

2. High Rise is a New York City-licensed home improvement contractor, located in Queens, New York. At all relevant times, High Rise was owned and operated by Surujnarine. High Rise (and its owner, Surujnarine) are identified as the general contractor on permits issued by the New York City Department of Buildings for renovation work conducted in pre-1978 housing, an EPA-regulated activity, at various locations in Brooklyn, New York.

3. A true and correct copy of the subpoena *duces tecum* that is the subject of this enforcement action is attached as Exhibit A hereto (the "subpoena"). On July 20, 2017, EPA issued the subpoena to Respondents pursuant to Section 11(c) of the Toxic Substances Control Act

of 1976, as amended ("TSCA"), 15 U.S.C. § 2610(c), in connection with EPA's investigation of whether Respondents were complying with TSCA. I prepared the subpoena on behalf of EPA and caused it to be served on Respondents.

4. The subpoena seeks documents and information concerning Respondents' renovation activities at six pre-1978 buildings in Brooklyn, to obtain information concerning the presence of lead-based paint in the buildings and to help EPA determine whether Respondents are complying with rules and regulations under TSCA concerning lead paint. Those buildings are located at the following addresses: 60 Clarkson Avenue, Brooklyn, New York, 11226; 663 Georgia Avenue, Brooklyn, New York, 11207; 738 Georgia Avenue, Brooklyn, New York, 11207; 1180 Halsey Street, Brooklyn, New York, 11207; 271 Martense Street, Brooklyn, New York, 11226; and 1212 55th Street, Brooklyn, New York, 11219 (the "Subject Properties").

5. The documents and information requested by the subpoena include, among other relevant items: a copy of High Rise's Renovation, Repair, and Painting certificate; a list of workers involved with the renovations and copies of their certified renovator training certificates; a detailed description of the renovation activity performed at each location, including an estimate of the amount of paint disturbed; documentation of the company's compliance with work practice standards and post-renovation cleanup rules; and documentation that a Lead Safe practices pamphlet had been provided to the owner and others as required by law.

6. According to my review of EPA's case file on this matter, on or about April 11, 2016, EPA received information from the New York City Department of Health and Mental Hygiene that renovations were being conducted at 60 Clarkson Avenue, Brooklyn, New York 11226 resulting in visible construction dust and debris with lead content in common areas. Test results revealed that dust samples collected at the time of renovations by DOHMH from the

common areas of 60 Clarkson Avenue contained high levels of lead. On September 22, 2015, the New York City Department of Buildings had issued a contractor work permit for 60 Clarkson Avenue to Surujnarine that listed High Rise as the general contractor of record.

7. Also according to my review of EPA's case file, before the subpoena was issued, EPA inspectors had tried, without success, to obtain the documents and information requested by the subpoena through other means. On May 18, 2016, and August 3, 2016, EPA had sent information request letters to Respondents addressed to High Rise's office located at 129-30 101 Avenue, South Richmond Hill, New York, 11419; and on February 1, 2017, and March 8, 2017, EPA had sent information request letters to Respondents addressed to High Rise's office at 103-17 Rockaway Boulevard, Ozone Park, New York, 11417. In addition, on February 1, 2017, EPA attempted to obtain the information by inspecting High Rise's South Richmond Hill and Ozone Park offices.

8. On July 21, 2017, at my direction, a secretary of WTS mailed the subpoena to Respondents at the Ozone Park address, by certified United States mail, return receipt requested. EPA did not receive a return receipt or any other response by Respondents to this mailing.

9. On August 30, 2017, at my direction, a secretary of WTS sent, via UPS, a copy of the previously-mailed subpoena to Respondents at their Ozone Park address. According to records created and maintained by UPS and available online, the subpoena was delivered the next day and left with a person identified as a "Ms. Madry." The subpoena required Respondents to produce to EPA the documents and information requested by the subpoena within 21 days of receipt of the subpoena (by September 21, 2017). To date, EPA has not received any response to the subpoena from Respondents.

10. On February 1, 2018, I called the business number for High Rise. The phone was answered by a Ms. Madry who told me that Surujnarine no longer comes into the office, but that she would forward my message to Surujnarine. I informed Ms. Madry that I was an attorney with the EPA and that EPA had received no production in response to the TSCA subpoena sent to and received by High Rise in August 2017, which production was past due. I also informed Ms. Madry that High Rise and Surujnarine remain in violation of TSCA until they answer the TSCA subpoena. I did not receive a response from Surujnarine (or anyone else from High Rise) to this query, and to date, neither Surujnarine nor any other officer of High Rise has responded to the subpoena.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on Jan 29, 2019, in New York.

_____
GARY H. NURKIN
Assistant Regional Counsel
Waste & Toxic Substances Branch
United States Environmental Protection Agency

# EXHIBIT A



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
REGION 2
290 BROADWAY
NEW YORK, NY 10007-1866

AUG 3 0 2017

Somattie Surujnarine, Owner
High Rise Build & Design, Inc.
103-17 Rockaway Blvd.
Ozone Park, New York 11417

Dear Ms. Suruinarine:

On July 21, 2017, by United States Postal Service, certified mail, return receipt requested, the enclosed Subpoena Duces Tecum was sent to you. As no return receipt has yet been received, I am resending a copy of that document to you via overnight mail.

Please respond to the enclosed document within twenty-one days of receipt and as directed therein. If you have any questions, please contact the undersigned at 212-637-3195. Thank you for your consideration.

Sincerely yours,

Gary H. Narkin
Assistant Regional Counsel
Waste & Toxic Substances Branch.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
REGION 2

IN THE MATTER OF                    :     SUBPOENA DUCES TECUM
                                    :
High Rise Build & Design, Inc.      :
103-17 Rockaway Blvd.               :
Ozone Park, New York 11417          :
------------------------------------x

TO:    Somatie Surujbatine
       Owner
       High Rise Build & Design, Inc.
       103-17 Rockaway Blvd.
       Ozone Park, New York 11417

YOU ARE HEREBY COMMANDED, pursuant to Section 11(c) of the Toxic Substances Control Act (TSCA), Title 15 of the United States Code (U.S.C.) § 2610(c), to produce at the place and time stated below those reports, papers, documents, answers to questions, and other information demanded in the attached pages, which are in your possession or under your control:

DATE AND TIME:   Within 21 calendar days of your receipt of this subpoena, Monday through Friday, between the hours of 9:00am and 5:00pm.

PLACE:           U.S. Environmental Protection Agency - Region 2
                 290 Broadway, 16th Floor
                 New York, New York 10007-1866

CONTACT:         Gary H. Nurkin, Esq. (212) 637-3195

YOU ARE COMMANDED FURTHER TO MAKE TRUTHFUL AND COMPLETE RESPONSES to all lawful inquiries and questions contained on the attached pages, and to produce them at the above stated place and time. In addition, you are commanded to complete the attached DECLARATION RESPONDING TO THE SUBPOENA DUCES TECUM and return it with your responses.

You are hereby advised that pursuant to TSCA § 16, 15 U.S.C. § 2615, the Agency is authorized to seek both civil penalties and criminal sanctions for violations of TSCA § 15, 15 U.S.C. § 2614. In the event of contumacy, failure, or refusal of any person to obey any subpoena, any District Court of the United States in which venue is proper shall have jurisdiction to order any such person to comply with such subpoena. Any failure to obey such an order of the court is punishable by the court as a contempt thereof, pursuant to TSCA § 11(c), 15 U.S.C. § 2610(c).

You may claim any information that you submit in response to this subpoena to be confidential business information; please mark each page containing such information with the word "confidential" and include a statement that High Rise Build & Design, Inc. has: (i) taken reasonable measures to protect the confidentiality of the information; (ii) determined that the information is not required to be disclosed or otherwise made available to the public under any other Federal law; and (iii) a reasonable basis to conclude that disclosure of the information is likely to cause substantial harm to High Rise Build & Design, Inc.'s competitive position.

If you wish to make a claim of confidentiality for this information, you must do so in accordance with the requirements of 40 Code of Federal Regulations (C.F.R.) Part 2; in particular, at the time the CBI is submitted to EPA, you must provide the information described at 40 C.F.R. § 2.204(e)(4). You are also hereby notified that any information covered by such a claim will only be disclosed by the EPA in accordance with the EPA's public information regulations, as set out in 40 C.F.R. Part 2. If no such claim accompanies the information when it is received by the EPA, it may be made available to the public without further notice. If you claim any information submitted in response to this subpoena as confidential, you must also provide a redacted version of the information with all TSCA confidential business information deleted. You may redact the names and identification numbers of children who were tested for blood lead levels.

This subpoena is not subject to the approval requirements of the Paperwork Reduction Act of 1980, 44 U.S.C. §§ 3501- 20.

FAILURE TO COMPLY WITH THIS SUBPOENA MAY RESULT IN A COURT ACTION AGAINST YOU.

Issued at New York, New York, this 20th day of July, 2017.

_____
Dore LaPosta
Director
Division of Enforcement and Compliance Assistance

2

ATTACHMENT TO SUBPOENA

PLEASE READ THESE DEFINITIONS CAREFULLY TO PROPERLY COMPLY WITH THE TERMS OF THIS SUBPOENA.

Unless otherwise defined below, the terms used in this subpoena have the meaning given in Section 401 of TSCA, 15 U.S.C. § 2681, and 40 C.F.R. Part 745.

## I. INSTRUCTIONS AND DEFINITIONS

1. A complete response shall be made to each question in this attachment. Identify each answer with the number of the question to which it is addressed.

2. For each document provided in response to this subpoena, indicate on the document or in some other reasonable manner, the number of the question to which it applies.

3. If the information sought by this subpoena is not contained in a document, separately identify the person(s) who provided the information in your response, the basis for each person's knowledge, the position occupied by the person providing the information, the person's address, telephone number and supervisor.

4. The words "include" or "including" shall be construed without limitation.

5. The words "person" or "persons" as used herein include natural persons, firms, partnerships, associations, joint ventures, corporations, business trusts, banking institutions, unincorporated organizations, and any other legal entity. The words "person," or "persons," also means personnel or employees.

6. The term "renovation" as used herein means the modification of any existing structure, or portion thereof, that results in the disturbance of painted surfaces, unless that activity is performed as part of an abatement as defined by this part (40 C.F.R. § 745.223). The term renovation includes (but is not limited to): the removal, modification or repair of painted surfaces or painted components (e.g., modification of painted doors, surface restoration, window repair, surface preparation activity (such as sanding, scraping, or other such activities that may generate paint dust)); the removal of building components (e.g., walls, ceilings, plumbing, windows); weatherization projects (e.g., cutting holes in painted surfaces to install blown-in insulation or to gain access to attics, planing thresholds to install weather-stripping), and interim controls that disturb painted surfaces. A renovation performed for the purpose of converting a building, or part of a building, into target housing or a child-occupied facility is a renovation under this subpart. The term renovation does not include minor repair and maintenance activities.

7. The term "renovator" as used herein mean an individual who either performs or directs workers who perform renovations.

8. The words "identify" or "indicate" mean:

3

a) As to a document: the type of document (letter, memorandum, etc.), the identity of the author or originator, the date authorized or originated, the identity of each person to whom the original or copy was addressed or delivered, the identity of each person known or reasonably believed to have present possession, custody or control thereof, and a brief description of the subject matter thereof.

b) As to a person: the name, present or last known business and residence address(es), telephone numbers, occupation, job title, and dates so employed and, if not an individual, state the full name of the entity, the address of its principal place of business, and the name, title and address of its chief officer.

9. A document or communication "pertaining to," that "relates to," that is "in connection with" or that is "associated with" a given subject means any document or communication that constitutes, contains, embodies, comprises, reflects, states, refers to, deals with, or is in any way pertinent to that subject, including, without limitation, a document concerning the presentation of other documents.

10. If any document was, but is no longer, in the possession or control of High Rise Build & Design, Inc. provide the following information:

   a) state the disposition of the document;
   b) state the date such disposition was made;
   c) identify the present custodian of the document and state his/her address or, if the document no longer exists, so state;
   d) identify the person who made the decision regarding the disposition of the document;
   e) state the reason for the disposition; and
   f) describe the document and the contents of the document, including the title, date, author, addressees, locations and numbers of copies made and the location of the copies.

11. Upon receipt of this subpoena, all records relating in any manner to any aspect of business operations relating to all transactions involving lead paint renovations conducted by High Rise Build & Design, Inc. are to be maintained and retained until further notice is received from the EPA. Destruction of any such records will constitute a failure to comply with this subpoena and may result in court action against you.

12. "Record" means the original, or true copy, or a substantial copy of a physical item containing or memorializing data, or information, or symbols, which presently are in documentary, film, electronic impulse, magnetic disk, magnetic tape, or some other computer form. This includes, but is not limited to, documents, receipts, contracts, office memos, transcripts, telephone memos, letters, notes, and/or computerized data.

13. The words "document" or "documents" mean the original or an identical and readable copy thereof, and all non-identical copies (whether different from the original by reason of notations made on such copies or otherwise), of any writings or records of any type or description.

4

14. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

15. The plural shall include the singular and the singular shall include the plural. Any reference to a male pronoun shall also constitute reference to a female pronoun.

**II. INFORMATION AND DOCUMENTS TO BE PROVIDED:**

This subpoena requires the production of information concerning the following addresses:

60 Clarkson Avenue
Brooklyn, New York 11226

663 Georgia Avenue
Brooklyn, New York 11207

738 Georgia Avenue
Brooklyn, New York 11207

1180 Halsey Street
Brooklyn, New York 11207

271 Martense Street
Brooklyn, New York 11226

1212 55th Street
Brooklyn, NY 11219

You are commanded to provide the following:

1. A copy of your firm's Renovation, Repair, and Painting (RRP) Rule certificate issued by EPA.

2. A detailed description of the renovation work done by your firm or by others on your company's behalf (*e.g.*, subcontractors) at each of the aforementioned addresses above. Please indicate and provide for each location the following:

    a) The original date of construction (*i.e.*, year built) for the building your firm was contracted to renovate;
    b) The name(s), address (es), and telephone numbers of each entity or individual with whom you contracted to perform renovation related work (*i.e.* the entity or individual that hired your firm). Include the start and end dates for each phase of work. Please also provide the scope(s) of work and/or a copy (ies) of the contracts or agreements related to the work.

5

9

c) Please provide a detailed explanation of the role of your firm and any other entity involved in the renovation work performed and a description of the tasks your firm performed or caused to be performed.
d) Emergency conditions, if any, that contributed to the need for renovation;
e) The approximate square footage (interior and exterior) of painted surfaces disturbed by the renovation; and
f) The type of areas that were renovated (e.g., two-bedroom apartments, studio apartments, common hallways, stairs, lobbies, exterior surfaces, etc.).
g) Describe any demolition or window replacement activities.
h) A list of certified renovators (individuals) employed by your firm and assigned to the renovation at each of the aforementioned addresses (identify the particular location at which they worked) and copies of their training certificates issued by EPA-accredited training providers.
i) A list of all workers involved with each renovation at each of the aforementioned addresses above, and either 1) copies of their certified renovator training certificates issued by EPA-accredited training providers, or 2) records of each un-certified renovation worker receiving on-the-job training by a certified renovator employed by High Rise Build & Design, Inc.
j) A list of all sub-contractors hired by High Rise Build & Design, Inc. to perform any aspect of the renovation work at each of the aforementioned addresses above. For each such contractor, also include:

1. The name(s), address (es), and telephone numbers of each entity or individual with whom you contracted to perform renovation related work (i.e. the entity or individual that you hired as a sub-contractor).
2. The start and end dates for each phase of work involving a sub-contractor and a detailed description of the work performed. Please also provide the scope(s) of work and/or a copy (ies) of the contracts or agreements related to the work;
3. Copies of any sub-contractor's RRP firm certification
4. Copies of any certified renovator training certificates issued by EPA-accredited training providers to a sub-contractor, or records of each un-certified renovation worker receiving on-the-job training by a certified renovator employed by High Rise Build & Design, Inc.,

3. For renovations inside dwelling units, copies of a written acknowledgment from the owner of each residential dwelling unit renovated documenting receipt of the pamphlet "*Renovate Right – The Lead Safe Guide to Renovate Right.*" If an owner is not an occupant of a renovated residential dwelling unit(s), also provide copies of a written acknowledgment from an adult occupant of each residential dwelling unit renovated documenting receipt of the pamphlet "*Renovate Right – The Lead Safe Guide to Renovate Right.*"

4. For renovations in common areas, copies of a written acknowledgment from the owner that the owner has received the pamphlet "*Renovate Right – The Lead Safe Guide to Renovate Right* and further documentation that the renovator has complied with the requirements of 40 C.F.R. §§ 745.84(b)(2), (3), and (4) during the renovation process.

5. Copies of any information relating to lead-based paint in each renovated property, including but not limited to: a) test results showing the presence or absence of lead-based paint; and b) paint-related correspondence from state or local agencies.

6. A statement identifying which, if any, of this work was conducted in Federally-assisted housing or was paid for in full or in part with Federal funds. Please identify any agencies involved, if applicable.

7. Any agreements describing payment arrangements for the work and proof of payment for the services rendered at each location by your firm. (Please be specific, *i.e.* who paid what to whom)

8. Documentation of compliance at each location with the work practice standards of the RRP Rule, in accordance with 40 C.F.R. §745.86(a).

9. Documentation for each location that the assigned certified renovator performed the post-renovation cleaning verification described in 40 C.F.R. §745.85(b), the results of which must be described, including the locations and components wiped, as well as the number of wet and dry cloths used.

10. If dust clearance sampling was performed (by an appropriately certified entity) at any location in lieu of cleaning verification as permitted by 40 C.F.R. §745.85(c), a copy of the dust sampling report.

**BEFORE THE UNITED STATES
ENVIRONMENTAL PROTECTION AGENCY
REGION 2**

---------------------------------x
IN THE MATTER OF                 :
                                 :
High Rise Build & Design, Inc.   :
103-17 Rockaway Blvd.            :
Ozone Park, New York 11417       :
                                 :
---------------------------------x

### AFFIDAVIT RESPONDING TO THE SUBPOENA DUCES TECUM

I, _____, the undersigned affiant, first being duly sworn, upon an oath, depose, and say:

1. Attached hereto are _____ pages of photocopies of documents or records. The attached pages are true and correct copies of documents which I presently have in my custody and/or control as an owner and/or employee of: _____ the address of which is _____.

2. I am one of the custodians of the records of which the attached pages are true and correct copies. Those documents that have been requested by the EPA are being produced along with this affidavit in response to the subpoena.

3. The records (of which the attached pages are true copies) involved here were and/or are received and/or kept in the usual course of the regularly conducted business and activity of the entity listed in paragraph 1 above.

4. I have made a diligent search and inquiry for all records which are reasonably described in the subpoena to which this affidavit responds. I have not found or located, and I have not been told about, and I have no knowledge of, any documents or records coming within the descriptions set forth in the subpoena which have not been copied and submitted along with this affidavit.

5. All responses to the inquiries contained in the aforementioned information request are true, complete and accurate. I acknowledge that this affidavit is submitted to the United States in connection with a matter within the jurisdiction of the EPA and that any material false statement of fact herein may be a federal crime under 18 U.S.C. § 1001.

8

Date: _____       Signature: _____

                                                                                                    Print Name: _____

                                                                                                    Office or Title: _____

SWORN AND SUBSCRIBED TO before me, the undersigned Notary Public on this _____ day of _____, 2017.

_____

Notary Public in and for the State of _____ residing at _____

9

In the Matter of High Rise Building & Design, Inc.

## CERTIFICATE OF SERVICE

This is to certify that on this day I caused to be mailed the original of the foregoing SUBPOENA DUCES TECUM and its attachment, by overnight mail, to: Somattie Surujnarine, High Rise Build & Design, Inc., 103-17 Rockaway Blvd, Ozone Park, New York 11417

Dated: August 30, 2017
New York, New York

*[signature]*

10